# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

SHARIEFF HAYES,

Petitioner, : Case No. 2:26-cv-311

\- vs - District Judge James L. Graham
Magistrate Judge Michael R. Merz

WARDEN,
Madison Correctional Institution,

:

Respondent.

## DECISION AND ORDER

This habeas corpus case was brought *pro se* by Petitioner Sharieff Hayes to obtain relief from his 2024 conviction in the Common Pleas Court of Franklin County, Ohio, after his plea of no contest (Petition, ECF No. 1). The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (Transfer Order, ECF No. 10). The case is before the Court on Petitioner's Motion to Expand the Record (ECF No. 7) which Respondent opposes (ECF No. 8) and in support of which Petitioner has filed a Reply (ECF No. 9).

A motion to expand the record or for discovery is a non-dispositive motion within the original decisional authority of an assigned Magistrate Judge.

Petitioner captions his motion as one to "expand the record." However at the outset of the Motion he asks the Court to "compel the production" of "the following documents, exhibits,

papers, etc. from the "Evidence favorable to the Defendant" section in the State's September 29, 2023 filing titled "IDENTIFICATION OF DISCOVERY PROVIDED, " in the Court of Common Pleas Franklin County, Ohio, Case No. 20CR-3511." Petitioner states his Motion is made pursuant to Rule 7 of the Rules Governing § 2254 Proceedings ("Habeas Rules")and is needed "to support all grounds for relief in the petition, as proof of bias and unconstitutional conduct towards the petitioner, and the prejudice of the outcome of petitioner's case within the state courts." (ECF No. 7, PageID 1126).

At the outset, the undersigned notes that the Motion only complies in part with the Order of Magistrate Judge Karen Litkovitz to whom this case was originally referred:

> When the record is filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper right-hand corner of the page. All papers filed in the case thereafter by either party shall include record references to the PageID number.

Order, ECF No. 2, PageID 16. Some but not all of the record references in the Motion are in that form. Future filings must comply strictly with that Order.

To properly decide Petitioner's Motion, it must be divided into two parts because different standards apply to each part. First of all, it appears to seek discovery of materials Petitioner does not have. Second of all, it seeks to have those materials added to the record upon which the Court will decide this case.

Discovery in habeas corpus cases is governed by Habeas Rule 6. A habeas petitioner movant is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Habeas Rule 6(a); *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16

(6th Cir. 2000).

Before determining whether discovery is warranted, the district court must first identify the essential elements of the claim on which discovery is sought. *Bracy*, 520 U.S. at 904, *citing United States v. Armstrong*, 517 U.S. 456, 468 (1996). The burden of demonstrating the materiality of the information requested is on the moving party. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), *cert. denied,* 537 U.S. 831 (2002), *citing Murphy v. Johnson,* 205 F.3d 809, 813-15 (5th Cir. 2000). "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003), *cert. denied,* 543 U.S. 842 (2004), *quoting Stanford*, 266 F.3d at 460.

Petitioner pleads the following grounds for relief:

> **Ground I. Undermined Presumption of Innocence.** The trial court made successive bias and adverse prejudgments of petitioner's guilt during pretrial proceedings and a suppression hearing.
>
> **Ground II. Unsolicited Participation.** Standby counsel requested, received, and withheld evidentiary discovery prior to and during proceedings without the *prose* litigant's (Petitioner) consent.
>
> **Ground Ill. Suppression of Evidence.** The prosecutor failed to disclose inculpatory and exculpatory evidence to the *pro se* litigant (petitioner) prior to and during proceedings.
>
> **Ground IV. Illegal Search and Seizure.** During a traffic stop on the Petitioner, an Ohio State Highway Patrol officer conducted an illegal search and seizure, when she forcibly opened a lockbox located in the trunk of the petitioner's vehicle without a search warrant, consent, or any exigent circumstances.

Petition, ECF No. 1.

Respondent has no objection to expanding the State Court Record to include documents attached to the Motion which were made a part of the state court record (ECF No. 8, PageID 1165).

Accordingly PageID 1138-46 are added to the State Court Record previously filed. Furthermore, Respondent is ordered to file as a supplement to the State Court Record a legible copy of Petitioner's Petition for Post-Conviction Relief (State Court Record, ECF No. 4, Ex. 50).

With respect to the items Petitioner does not have but wishes to discover, Respondent writes "there is no indication that the 5 items requested by Hayes, and listed in the September 29, 2023 Identification of Discovery Provided filing, were ever made a part of the record in the state courts." Petitioner responds:

> In fact, in Hayes' motion he refers to the use of the dashcam footage by the prosecutor and a photo provided from standby counsel's laptop, as items presented as evidence during his January 18, 2024 Suppression hearing, proof that at the least, *two* of the *five* items requested were in fact made a part of the state courts record. (See Motion to Expand, Doc. No. 7, PAGEID: 1131- 1132.)(See also January 18, 2024 transcripts, Doc. No. 4-1, PAGEID: 868.) Furthermore, this is evidence that the prosecutor had full access to the discovery Identified in the State's September 29, 2023. And, was able to choose which items of evidence the State present, meanwhile suppressing other items of evidence from Hayes.

Reply, ECF No. 9, PageID 1175.

PageID 868 does indeed show that a video and a photograph on standby counsel's computer were marked as exhibits. However the record does not show that they were ever admitted in evidence. The fact that the prosecutor may have had access to evidence that was not presented is not a basis for finding it was in the record in the state court. Petitioner's motion to compel production of the five listed items is denied.

Petitioner's claim that police reports regarding the initial traffic stop would have enabled him to effectively cross-examine the testifying officers to the extent that he would have won his motion to suppress is completely speculative; his request to compel production of those reports is denied.

**Conclusion**

Petitioner's instant Motion is granted in part and denied in part as set forth in this Decision.

**Status of the Case**

The Court notes that in her Order for Answer, Magistrate Judge Litkovitz set a deadline for Petitioner to file his reply or traverse of twenty-one days after the Return of Writ was filed and served (Order, ECF No. 2, PageID 16). The docket shows the Return of Writ was filed May 15, 2026, and served on Petitioner by mail the same day. Because the document was damaged in the mail, Respondent reserved it on May 22, 2026 (See Amended Certificate of Service, ECF No. 6). That made the reply deadline June 15, 2026, allowing Petitioner the extra three days provided by Fed.R.Civ.P. 6 after service by mail. It is now four months later and no reply or traverse has been filed nor has Petitioner sought or received an extension of time. Accordingly the Court considers the case ripe for decision without a reply.

October 16, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge