**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

SHARIEFF HAYES,

Petitioner, : Case No. 2:26-cv-311

- vs - District Judge James L. Graham
Magistrate Judge Michael R. Merz

WARDEN,
Madison Correctional Institution,

:

Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Sharieff Hayes to obtain relief from his 2024 conviction in the Common Pleas Court of Franklin County, Ohio, is before the Court for decision on the merits. Relevant filings are the Petition (ECF No. 1), the State Court Record (ECF No. 4), and the Return of Writ (ECF No. 5). Although Magistrate Judge Litkovitz set a reply deadline when ordering an answer in the case, that deadline passed June 15, 2026, and no reply has been filed.

## Litigation History

On July 31, 2020, a Franklin County grand jury indicted Hayes one count of possession of cocaine, in violation of Ohio Revised Code § 2925.11. On May 15, 2023, Hayes appeared with

counsel for trial, but inquired about a suppression motion, although apparently none had been filed. The trial judge refused to entertain a suppression motion and Hayes then pleaded guilty to a lesser drug possession charge (Entry, State Court Record, ECF No. 4, Ex. 3). After a change of counsel, Hayes was permitted to withdraw his guilty plea and move to suppress evidence. The suppression motion was denied after a hearing.

After retained counsel Attorney Hilary Lerman was permitted to withdraw, the trial judge explained the consequences of proceeding *pro se* and appointed Keith Edwards as standby counsel. On March 25, 2024, Hayes, still proceeding *pro se*, pleaded no contest to the indictment and was found guilty. The trial court sentenced Hayes to an indefinite prison term of four to six years.

The next day Hayes appealed to the Tenth District Court of Appeals, but that court affirmed. *State v. Hayes*, 271 N.E.3d 310, 2025-Ohio-2238 (Ohio App. 10th Dist. Jun. 26, 2025). The Ohio Supreme Court denied leave to file a delayed appeal. *State v. Hayes*, 180 Ohio St.3d 1416 (2025).

After several unsuccessful state habeas corpus actions, Hayes filed a petition for post-conviction relief in the trial court on July 25, 2025 (Petition, State Court Record, ECF No. 4, Ex. 50). The trial court denied the petition and Hayes appealed again to the Tenth District which affirmed the *res judicata* conclusion of the trial court. *State v. Hayes*, 2026-Ohio-1663 (Ohio App. 10th Dist. May 7, 2026). Westlaw records no further appeal to the Ohio Supreme Court.

Hayes' Petition in this Court, which Respondent concedes was timely filed, was docketed on March 16, 2026, and pleads the following grounds for relief:

> **Ground One**: **Undermined Presumption of Innocence.**
>
> **Supporting Facts:** The trial court made successive bias and adverse prejudgments of petitioner's guilt during pretrial proceedings and a suppression hearing.
>
> **Ground Two**: **Unsolicited Participation.**
>
> **Supporting Facts:** Standby counsel requested, received, and withheld evidentiary discovery prior to and during proceedings without the *pro se* litigant's (Petitioner) consent.
>
> **Ground Three**: **Suppression of Evidence.**
>
> **Supporting Facts:** The prosecutor failed to disclose inculpatory and exculpatory evidence to the *pro se* litigant (petitioner) prior to and during proceedings.
>
> **Ground Four**: **Illegal Search and Seizure.**
>
> **Supporting Facts:** During a traffic stop on the Petitioner, an Ohio State Highway Patrol officer conducted an illegal search and seizure, when she forcibly opened a lockbox located in the trunk of the petitioner's vehicle without a search warrant, consent, or any exigent circumstances.

Petition, ECF No. 1.

## Analysis

**Ground One: "Undermined Presumption of Innocence"**

In his First Ground for Relief, Hayes complains that the trial judge undermined the presumption of innocence to which he is entitled under the Fourteenth Amendment Due Process Clause[1]. Because this case was never tried to a jury, no comments by the trial judge could have

[1] Hayes pleads this as an equal protection claim. The right to a presumption of innocence is guaranteed by the Due Process Clause. *Jackson v. Virginia*, 443 U.S. 307 (1979). Because Hayes is proceeding *pro se*, the Court will liberally

influenced a jury's consideration of guilt or innocence. Respondent asserts in the Return that this claim was never fairly presented to the Ohio courts and is therefore procedurally defaulted. Hayes has not filed a Reply, so the Court is limited to the Petition and State Court Record for decision of this Ground for Relief.

In the Petition Hayes asserts bias was displayed by Common Pleas Judge Karen Phipps in proceedings that occurred on May 15, July 24, and August 23, 2023; and January 18 and 23 and March 25, 2024. Hayes claims he fairly presented this claim in three successive Affidavits of Disqualification filed with the Chief Justice of the Ohio Supreme Court. As the Tenth District Court of Appeals held when he presented this issue on direct appeal, the Chief Justice has exclusive jurisdiction on questions of judicial disqualification. *State v. Hayes, supra,* at ¶ 18, citing *Beer v. Griffith*, 54 Ohio St.2d 440, 377 N.E.2d 775 (1978).

Hayes filed a fifteen-page Affidavit of Disqualification November 2, 2023 (State Court Record, ECF No. 4, Ex. 17). It was not accompanied by any transcript of comments allegedly made by Judge Phipps which Hayes believed showed prejudice. Instead, he suggested the Chief Justice subpoena transcripts if needed. Upon examination, each of the alleged improprieties involves a decision of Judge Phipps in the Petitioner's criminal case which are said to display favoritism. Judge Phipps herself provided a fifteen-page Affidavit in response, accompanied by transcripts of all the hearings Hayes had referenced. *Id.* at Ex. 18. Having considered the presented Affidavits, Chief Justice Kennedy denied Hayes' request for disqualification on the merits. *Id.* at Ex. 19. Thereafter Chief Justice Kennedy denied Hayes successive Affidavit of Disqualification

construe his First Ground for Relief as pleading a Due Process claim.

on the ground it was not timely filed. *Id.* at Ex. 21.

Chief Justice Kennedy's denial of the first Affidavit was a decision on the merits of Hayes' bias and prejudice claim. When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Cunningham v. Shoop,* 23 F.4th 636, 650 (6th Cir. 2022); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000) *Hendrix v. Palmer,* 893 F.3d 906, 917 (6th Cir. 2018).

Under the Fourteenth Amendment a criminal defendant is entitled to a judge who is neither biased nor prejudiced. *Tumey v. Ohio*, 273 U.S. 510 (1927); *Williams v. Pennsylvania*, 579 U.S. 1 (2016). However,

> *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration — even a stern and short-tempered judge's ordinary efforts at courtroom administration — remain immune.

*Liteky v. United States,* 510 U.S. 540, 554-55 (1994). The same standard under the Constitution applies to state judges. Because Hayes has not shown that Chief Justice Kennedy's denial of disqualification is an objectively unreasonable application of clearly established Supreme Court precedent, it is entitled to deference. Additionally her denial of the Second Affidavit was based on an established Ohio procedural requirement of timely filing of affidavits of disqualification.

Therefore any claim made in the Second Affidavit is barred by Hayes failure to properly present it to Chief Justice Kennedy.

Accordingly, Hayes First Ground for Relief should be dismissed.

**Ground Two: Unsolicited Participation**

In his Second Ground for Relief, Hayes complains that his appointed standby counsel, Attorney Keith Edwards, engaged in "unsolicited participation" in his case. Because all of Attorney Edwards' involvement preceded Hayes' no contest plea, Respondent argues Ground Two is forfeited by Hayes' plea. (Return of Writ, ECF No. 5, PageID 1118, citing *United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); and *Post v. Bradshaw*, 621 F.3d 406, 426-27 (6th Cir. 2010).

Moreover Hayes failed to raise Attorney Edwards' participation as an assignment of error on direct appeal. Constitutional claims which arise in the trial court and can be shown from the record must be raised on direct appeal or be later barred by *res judicata*. Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

Hayes' Second Ground for Relief is barred by his no contest plea and by *res judicata*.

**Ground Three: Failure to Disclose Evidence**

In his Third Ground for Relief, Hayes claims his constitutional rights were violated when the prosecutor failed to disclose inculpatory and exculpatory evidence to him both prior to and during trial.

There is no constitutional duty to disclose inculpatory evidence prior to trial and because there was no trial in this case, there was no duty to disclose during trial. The sole duty is to disclose exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), where the Supreme Court held the State has a duty to produce exculpatory evidence in a criminal case. If the State withholds evidence and it is material, the conviction must be reversed. Considering this issue on appeal from denial of post-conviction relief, the Tenth District held:

> [C]ontrary to his assertions, Hayes' arguments do not rely on any evidence outside the record. Hayes does not suggest that there is some evidence he was precluded from discovering or obtaining prior to a trial on the merits, and he has not identified any evidence outside the record showing a constitutional error or prejudice flowing from such error. Rather, he mainly argues that his rights were prejudiced by his standby counsel's action in filing a motion for discovery, because that discovery was furnished to standby counsel prior to the hearing on his suppression motion rather than to Hayes himself. But this was known prior to trial—the trial court specifically had the state play the dashcam video for Hayes at the outset of the suppression hearing. (Jan. 18, 2024 Suppression Tr. at 3-5.) Hayes fully was able to view the video and cross-examine the task force officer who identified and surveilled him, *id.* at 32-57, as well as the K-9 officer who performed the traffic stop and supervised the dog sniff and subsequent search of his car. *Id.* at 86-109. Moreover, this court fully analyzed and approved the traffic stop and search in Hayes' direct appeal. *See Hayes*, 2025-Ohio-2238, at ¶ 43-53, 271 N.E.3d 310 (10th Dist.).

*State v. Hayes*, 2026-Ohio-1663 at ¶ 9. The Tenth District's findings about what Hayes presented

to the trial court are entitled to deference under 28 U.S.C. § 2254(d)(2) unless they constitute an unreasonable finding in light of the evidence presented, which Hayes has not shown. Hayes is therefore not entitled to relief on his Third Ground for Relief under *Brady*, which should therefore be dismissed.

**Ground Four: Failure to Suppress Unlawfully Seized Evidence**

In his Fourth Ground for Relief, Hayes claims his prosecution was based on evidence unlawfully seized from his vehicle in violation of the Fourth Amendment.

Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. *Stone v. Powell,* 428 U.S. 465 (1976). *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does. The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of a procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982).

The State Court Record shows Hayes was given a full and fair opportunity to litigate a motion to suppress in the Ohio courts. His Fourth Ground for Relief should therefore be dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the

Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 23, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #